UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**UNITED STATES OF AMERICA**

       **Plaintiff,**

**v.**                                      **Civil Action No. 2:14-17685**

**0.64 ACRE OF LAND, MORE OR LESS,
SITUATE IN LOGAN COUNTY,
STATE OF WEST VIRGINIA, and
W. P. HENRITZE,**

       **Defendants**


**UNITED STATES OF AMERICA**

       **Plaintiff,**

**v.**                                      **Civil Action No. 2:14-17688**

**0.19 ACRE OF LAND, MORE OR LESS,
SITUATE IN LOGAN COUNTY,
STATE OF WEST VIRGINIA, and
W. P. HENRITZE,**

       **Defendants.**


<u>**MEMORANDUM OPINION AND ORDER**</u>


       **Pending is the United States' motion to consolidate, filed February 9, 2015.**

       **The above-styled condemnation actions involve substantially similar potential claimants. For that reason, the court on February 5, 2015, requested a report from the United**

States respecting the suitability of consolidating the actions for pretrial proceedings and trial.

Federal Rule of Civil Procedure 42(a) provides as follows:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> >
> > (2) consolidate the actions; or
> >
> > (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. Proc. 42(a).

Our court of appeals has given district courts a wide berth on questions arising under Rule 42(a), recognizing the superiority of the trial court in determining how best to structure similar pieces of litigation. See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977). Nevertheless, the court of appeals has also provided guidelines for district courts engaging in the discretionary exercise. See Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982):

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and

>   available judicial resources posed by multiple
>   lawsuits, the length of time required to conclude
>   multiple suits as against a single one, and the
>   relative expense to all concerned of the single trial,
>   multiple trial alternatives.

<u>Id.</u> at 193.

While no prejudice appears to arise by consolidation, the length of time required to resolve each of these actions separately militates strongly in favor of consolidation.  The court, accordingly, ORDERS the above-styled civil actions be, and they hereby are, consolidated for all further pretrial proceedings and trial.  The <u>.64 Acre of Land</u> case is designated as the lead case.  All further filings shall be captioned and docketed in that case.  It is further ORDERED as follows:

1. That the United States be, and hereby is, given leave to file a dispositive motion no later than March 23, 2015, serving a copy thereof on each of the potential interested parties;

2. That the pretrial conference in this matter be, and hereby is, scheduled for April 3, 2015, at 3:00 p.m.; and

3. That the United States be, and hereby is, directed to send forthwith a copy of this memorandum opinion and order to the potential interested parties;

3

The Clerk is requested to transmit this memorandum opinion and order to all counsel of record and to any unrepresented parties.

DATED: March 11, 2015

John T. Copenhaver, Jr.
United States District Judge

4